UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROOTS, | No. 2:24-cv-01767-DC-CKD (PS) |
| Plaintiff, | ORDER |
| v. | |
| ROBERT W. FOX, et al. | |
| Defendants. | |

On September 18, 2024, Defendant Katherine Carlson filed a motion to dismiss Plaintiff Donald Roots' complaint.[1] (ECF No. 11.) Defendant Gavin Newson filed a separate motion to dismiss Plaintiff's complaint on the same day. (ECF No. 12.) Defendants noticed their motions for a hearing to take place on November 13, 2024, at 10:00 a.m. before the undersigned. (ECF Nos. 11, 12.) Pursuant to this court's Local Rules, any opposition to the motion was to be filed and served no later than fourteen (14) days after the date the motion was filed. Further, a responding party who has no opposition to the granting of the motion is required to serve and file a statement of non-opposition. See E.D. Cal. L.R. 230(c) ("[a] responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question"). That deadline has now passed, and Plaintiff has not filed

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

either a statement of opposition or a statement of non-opposition to Defendants' motions.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See e.g., Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

Here, Plaintiff, who proceeds without counsel, failed to file a written opposition or statement of non-opposition by the required deadlines, and therefore has not complied with Local Rule 230(c).  Further, Plaintiff's failure to file any opposition indicates to the court that Plaintiff may be consenting to the dismissal of this action.  See Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").  Thus, Plaintiff's claims are subject to dismissal.

Given Plaintiff's pro se status, the court will not recommend dismissal at this time. Instead, the court will vacate the November 13, 2024, hearing and provide Plaintiff one final opportunity to either respond to Defendant's motion to dismiss or to file a statement of non-opposition.  See L.R. 230(c) ("[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").  After the expiration of the deadlines below, the court will decide the matter on the record and written briefing only.  Plaintiff is cautioned that any further failure to comply with the court's Local Rules and this order by failing to file either an opposition or statement of non-opposition will be construed as non-opposition to the motions and will constitute additional grounds for dismissal under Rule 41(b).

////

////

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The November 13, 2024, hearing on Defendants' motions to dismiss (ECF Nos. 11, 12) is VACATED;

2. Within fourteen (14) days of this order, Plaintiff shall file a written opposition or a statement of non-opposition to Defendant's motion to dismiss;

    a. Plaintiff's failure to file written oppositions will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that Plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

3. Within seven (7) days of any opposition, Defendant may file a written reply.

Dated:  October 14, 2024

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, root1767.24