UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROOTS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT W. FOX, et al.<br><br>　　　　Defendants. | No.  2:24-cv-1767-DC-CKD (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　On March 6, 2025, plaintiff Donald Roots filed a motion requesting an expedited preliminary injunction which the court construes as requesting emergency relief under Federal Rule of Civil Procedure 65. (ECF No. 19.) Because plaintiff proceeds without counsel, this matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. This motion is appropriate for decision without oral argument under Local Rule 230(g). For the reasons set forth below, the motion for emergency relief should be denied.

　　**I.**　　**Background**

　　　　Plaintiff initiated this action on June 24, 2024, with a fee-paid complaint arising out of harm allegedly suffered in connection with criminal offenses charged against plaintiff in state court. (ECF No. 1.) Plaintiff brings several causes of action against multiple defendants. (Id.) Through this action, plaintiff seeks damages, declaratory judgment, and injunctive relief in the form of "Plaintiff's record shall be restored with restraining Order[s] placed on each defendant,

arresting them for the purpose of a trial by FACTS." (Id. at 11.)

Two defendants, Katherine Carlson and defendant Gavin Newsom, have appeared. (ECF Nos. 11, 12.) Both appearing defendants have moved to dismiss the complaint. (Id.)

On March 6, 2025, plaintiff filed the motion for expedited preliminary relief presently before the court. (ECF No. 19.) Plaintiff requests the court issue the "temporary injunction" that was "stated in the Complaint." (Id. at 1.) Plaintiff alleges the defendants are making him appear in court every month and sometimes without giving notice. (Id. at 1-2.) Plaintiff has been ordered to appear in Department 4 of the 9th Street Courthouse again on April 16, 2025. (Id. at 2.) Plaintiff's motion further states "those persons who bought the Plaintiff's vehicles from Alfa Brothers Towing et al. are thereby… Restrained." (Id. at 2.)

## II.    Legal Standard

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the same factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, ... likely to suffer irreparable harm in the absence of preliminary relief, ... the balance of equities tips in [its] favor, and ... an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Courts within this circuit may also consider a request for a temporary restraining order or preliminary injunction using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." Where Do We Go Berkeley v. California

Dep't of Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at 1135).

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. See Local Rule 231. Among other things, these rules require "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." Local Rule 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested …, and the nature of the relief to be requested." Id.

A court may issue a temporary restraining order "without written or oral notice to the adverse party" only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. See Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at summary judgment or trial. Id; Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

**III.   Analysis**

As a preliminary matter, plaintiff has not satisfied the requirements of this court's local rule governing applications for temporary restraining orders. Plaintiff has not filed a brief on all relevant legal issues presented by the motion, has not filed an affidavit in support of the existence of an irreparable injury, has not filed an affidavit detailing notice, or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given,[1] and has not

---

[1] The court does not assume all affected parties or counsel received actual notice of plaintiff's motion for expedited preliminary injunction through CM/ECF Notice of Electronic Filing because not all named defendants have appeared in this matter.

3

filed a proposed order. The motion is therefore procedurally defective to the extent it requests a temporary restraining order. See Local Rule 231. Plaintiff's failure to comply with the requirements of this court's local rules is sufficient justification to deny a temporary restraining order. See Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); Nible v. Macomber, No. 2:24-cv-01259-DJC-CSK-PC, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying temporary restraining order sought by pro se plaintiff as procedurally deficient).

In addition, plaintiff's request for a preliminary injunction is premature because there is presently a dispute over whether one appearing defendant (Katherine Carlson) has been properly served and a dispute over whether the only other appearing defendant (Gavin Newsom) is immune from suit. (See ECF Nos. 11, 12.) "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).

Plaintiff also fails to demonstrate he is likely to succeed on the merits of any claim as required for a preliminary injunction to issue. Plaintiff's motion does not furnish the court with any legal authority or evidence supporting his claims. As the moving party, plaintiff bears the burden of establishing the merits of his claims. See Winter, 555 U.S. at 20. Likelihood of success on the merits is the most important Winter factor, and it is also relevant to the court's evaluation of the other factors See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a likelihood of success on the merits, plaintiff also does not establish that the balance of equities tips in his favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at 20.

Plaintiff also does not establish that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff's motion appears to allege merely that he is being required to make appearances in an ongoing criminal case. Nothing in the motion suggests plaintiff is at risk of any irreparable harm in the absence of preliminary relief. A plaintiff must do more than merely allege imminent harm; a plaintiff must demonstrate immediate threatened injury as a prerequisite to

preliminary injunctive relief. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). Here, plaintiff's motion does not come close to alleging the type of irreparable harm necessary for a preliminary injunction. See FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or speculative"), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

Finally, based on the vague assertions in plaintiff's motion for an expedited preliminary injunction, it appears injunctive relief is barred by the doctrine of Younger v. Harris, 401 U.S. 37, 43-54 (1971). Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief except under extraordinary circumstances. Id. at 43-54. Younger abstention is required when (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982).

The first prong of Younger is met because plaintiff's request for injunctive relief appears to be addressed to ongoing state criminal proceedings. See Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988). The second prong of Younger is met because an important state interest is implicated by criminal proceedings. See Kelly v. Robinson, 479 U.S. 36, 49 (1986). The third prong of Younger is also satisfied because state criminal proceedings generally provide an opportunity for constitutional questions to be presented by their nature. Federal courts assume state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987); see also Duke v. Gastelo, 64 F.4th 1088, 1096 (9th Cir. 2023) ("Properly framed, the third requirement for Younger abstention asks whether there remains an opportunity to litigate the federal claim in a state-court proceeding at the time the federal court is considering whether to abstain.")

////

Under plaintiff's vague allegations in the present motion, he is a defendant in an active criminal case in state court with further pre-trial hearings set to take place. The court finds no indication that plaintiff is unable to bring any constitutional challenges in his still-pending criminal case. Plaintiff's vague allegations do not set forth extraordinary circumstances warranting federal intervention. See Middlesex County Ethics Comm'n, 457 U.S. at 435; Brown v. Ahern, 676 F.3d 899, 900-901 (9th Cir. 2012). Accordingly, this court must abstain from issuing the requested preliminary injunction.

**IV.     Recommendation**

For all the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for expedited preliminary injunction (ECF No. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 10, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, roots24cv1767.mpi