UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROOTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT W. FOX, et al.<br><br>　　　　　Defendants. | No. 2:24-cv-1767-DC-CKD (PS)<br><br><br>ORDER |

　　　　Plaintiff initiated this action on June 24, 2024, with a fee-paid complaint arising out of harm allegedly suffered in connection with criminal offenses charged against plaintiff in state court. (ECF No. 1.) Because plaintiff proceeds without counsel, this matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Katherine Carlson and Gavin Newsom move the court for an order dismissing the complaint.[1] (ECF Nos. 11, 12.) For the reasons set forth below, the complaint fails to state a claim and the motions to dismiss should be granted.

　　　　The other named defendants have not appeared in this action. The court will order plaintiff to show cause in writing within 21 days of the date of this order as to why the court should not also dismiss the claims against the other defendants.

---

[1] Defendant Carlson's motion to dismiss also invokes Fed. R. Civ. P. 12(b)(4) and 12(b)(5) alleging insufficient process and insufficient service of process. (ECF No. 11-1 at 2.)

1

**I.     Claims**

The complaint includes four causes of action. The first claim alleges a violation of the plaintiff's Fourth Amendment right to personal property, asserting that the defendants, through the Sheriff's Department and court system, falsely imprisoned him for many years, seized his property, and caused financial ruin (ECF No. 1, p. 3, ¶ 3). The plaintiff further claims that the defendants used false evidence, intimidated witnesses, and engaged in other misconduct, resulting in financial ruin, emotional distress, and physical injury from altercations with other inmates. (Id.). The second claim alleges a violation of the First Amendment, arguing that plaintiff's incarceration prevented him from speaking to witnesses beneficial to his claims of innocence. (ECF No. 1, p. 4, ¶ 3). The third claim asserts a violation of plaintiff's Fourteenth Amendment rights, alleging that the defendants failed to follow proper procedures and used insufficient or false evidence in prosecuting the crime for which he was convicted (ECF No. 1, p. 5, ¶ 3). Finally, the fourth claim alleges a violation of plaintiffs Second Amendment rights, contending that the defendants falsely charged him with gun-related crimes (ECF No. 1, p. 6, ¶ 3).

**II.    Legal Standards**

**A. Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(5)**

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a defendant to challenge the form of summons and the method of service attempted by the plaintiff, respectively.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed, absent a showing of good cause or excusable neglect.

**B. Motion to Dismiss Pursuant to Rule 12(b)(6)**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d

1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, courts are not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### IIII.  Discussion

#### A.  Defendant Carlson

Defendant Carlson argues the complaint fails to assert any specific claims against her, identifying her only as "Assistant Public Defender" associated with the "Superior Court of Sacramento." (ECF No. 11 at 2.)  There are no allegations in the complaint that establish a causal connection between defendant Carlson and any violation of the plaintiff's rights. Indeed, plaintiff's opposition simply alleges that while plaintiff was being treated for mental illness at a state hospital defendant Carlson threatened to "hold him there …longer if he did not sit down and talk to her" and "attempted to pose" as [h]is attorney. (ECF No. 15 at 1.)

Plaintiff cannot bring a claim for damages under 42 U.S.C. § 1983 against any attorney assigned to represented him in his criminal case. A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. A public defender representing a client in the lawyer's traditional adversarial role is not a state actor for purposes of § 1983. See Vermont v. Brillon, 556 U.S. 81, 91 (2009) ("assigned counsel ordinarily is not considered a state actor") (citing Polk County v. Dodson, 454 U.S. 312 (1981)). An attorney acting in the role of a public defender may act for the State "when making hiring and firing decisions on behalf of the State," and "while performing certain administrative and possibly investigative functions." Polk County, 454 U.S. at 325.  Thus, to the extent plaintiff seeks damages from the attorney assigned to represent him in criminal proceedings, the complaint fails to state a claim for relief.

Consequently, plaintiff's claims asserted against defendant Carlson should be dismissed under Rule 12(b)(6).

**B. Defendant Newsom**

Defendant Newsom argues that the complaint is "devoid of any allegations of any conduct, knowledge or ratification of the violation of Plaintiff's rights by Governor Newsom." (ECF No. 12 at 5.) The court's review of the complaint demonstrates no allegations creating a causal connection between defendant Newsom and any violation of plaintiff's rights. Thus, plaintiff has not alleged "enough facts to state a claim for relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's opposition to defendant Newsom's motion to dismiss contains no argument or facts rebutting defendant's analysis. (ECF No. 15.)

It also appears that plaintiff's claims against defendant Newsom are barred by the Eleventh Amendment which generally prohibits lawsuits against states and state officers in federal court unless the state has unequivocally consented to such a suit or Congress has abrogated the state's immunity. U.S. Const. amend XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), see also Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.") The Eleventh Amendment's jurisdictional bar applies regardless of the nature of the relief sought, including declaratory and injunctive relief. See id. at 101 (1984).

The Supreme Court recognized a limited exception to Eleventh Amendment immunity in Ex Parte Young, 209 U.S. 123 (1908), which permits "actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." Coal. to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012). However, for that exception to apply, the state officer must have a connection with the enforcement of the allegedly unconstitutional statute. Long v. Van de Kamp, 961 F.2d 151, 152 (9th Cir. 1992).

As plaintiff's complaint includes no facts regarding defendant Newsom and fails to suggest any Ex Parte Young exception might apply, plaintiff's claims asserted against defendant Newsom should be dismissed under Rule 12(b)(6).

### C. Other Defendants

On June 24, 2024, the Clerk's Office issued summons to serve the defendants. (ECF No. 2,3.) In the civil new case documents issued on the same day, the court advised plaintiff, in relevant part, that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed. (ECF No. 4.) It appears that none of the defendants, with the exception of defendant Newsom, have been properly served.[2]

Under Rule 4(m) of the Federal Rules of Civil Procedure, a district court must extend time for service upon a showing of good cause and may extend time for service upon a showing of excusable neglect. Fed. R. Civ. P. 4(m); see Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013). Pursuant to Rule 4 of the Rule of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff acknowledged his failure to serve the defendants by filing a notice of "Summons Returned Unexecuted." (ECF No. 7.) Plaintiff has shown neither good cause nor excusable neglect for the failure to serve defendants. Accordingly, plaintiff will be ordered to show cause in writing within 21 days of the date of this order as to why these defendants should not be dismissed for plaintiff's failure to comply with Rule 4.

### D. Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint must be dismissed.

The court has discretion to dismiss with or without leave to amend.

---

[2] This includes defendant Carlson, although she has also moved to dismiss the complaint under Rule 12(b)(6) as discussed above.

1    Leave to amend should be granted if it appears possible that the defects in the complaint could be
2    corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
3    2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant
4    must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is
5    absolutely clear that the deficiencies of the complaint could not be cured by amendment."
6    (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured
7    by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06. See
8    also, Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.
9    1983) (holding that while leave to amend shall be freely given, the court does not have to
10   allow futile amendments).

11        Therefore, plaintiff shall show cause in writing within 21 days of the date of this order
12   why plaintiff's claims should not be dismissed for failure to state a claim. Even if plaintiff sought
13   to prosecute this case against the non-moving defendants by way of an extension of time for
14   service and/or default proceedings, the deficiencies in the complaint found as to the moving
15   defendants are similarly present as to the non-moving defendants. Plaintiff cannot obtain a
16   judgment against any defendant, including a non-appearing defendant, without sufficient factual
17   allegations that state a plausible claim. See generally Eitel v. McCool, 782 F.2d 1470, 1472 (9th
18   Cir. 1986) (noting a court considers the merits of plaintiff's substantive claim and the sufficiency
19   of the complaint in determining whether to grant a default judgment, which is disfavored). As set
20   forth above, the complaint fails to state a claim against any defendant because it rests on mere
21   conclusions that the defendants acted illegally. This court may dismiss claims sua sponte under
22   Fed. R. Civ. P. 12(b)(6). See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).
23   Accordingly, plaintiff shall show cause in writing why the court should not dismiss plaintiff's
24   claims against both the moving and non-moving defendants for failure to state a claim.

25   **IV.    Conclusion and Order**
26       For the reasons set forth above, IT IS HEREBY ORDERED as follows:
27       1.  Within 21 days of the date of this order, plaintiff shall show cause in writing why
28           defendants David Bonilla, Samantha R. Brymer, Chu, Ferdon, Robert W. Fox,

Timothy M. Frawley, Josie Gastelo, Donna J. Hooper, Kirtz, Kline, Ellon Lutz, Gary Lutz, Trina B. Plaven, R&R Workers, Renolds, Robert, Claudia D. Roots, Jan Scully, Rodney J. Simpson, and John P. Winn should not be dismissed for plaintiff's failure to comply with Rule 4 of the Federal Rules of Civil Procedure.

2. Within 21 days of the date of this order, plaintiff shall show cause in writing why all of plaintiff's claims should not be dismissed for failure to state a claim.

Dated: March 18, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd roots24cv1767.,td