UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROOTS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT W. FOX, et al.<br><br>　　　　　　Defendants. | No. 2:24-cv-01767-DC-CKD (PS)<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND |

Plaintiff initiated this action on June 24, 2024, with a fee-paid complaint. (ECF No. 1.) Because plaintiff proceeds without counsel, this matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. On September 18, 2024, defendants Katherine Carlson and Gavin Newsom filed motions to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).[1] (ECF Nos. 11, 12.) The complaint names many other defendants who have not appeared in this action. Because plaintiff did not file an opposition as required under Local Rule 230(c), the Court vacated the hearings set for November 13, 2024. (ECF No. 14.) On January 7, 2025, plaintiff opposed the motions. (ECF No. 15.) Defendant Newsom filed a reply. (ECF No. 17.)

---

[1] Defendant Carlson's motion to dismiss also invokes Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) alleging insufficient process and insufficient service of process. (ECF No. 11-1 at 2.)

1

On March 18, 2025, the Court found that plaintiff's complaint failed to state a claim and that the motions to dismiss should be granted. (ECF No. 21.) The Court also addressed plaintiff's failure to serve the other defendants that have not appeared in this action. (*Id.* at 5.) The Court ordered plaintiff to show cause why plaintiff's claims against the moving and non-moving defendants should not be dismissed for failure to state a claim. (*Id.* at 6.)

After this order issued, plaintiff filed a "motion for summons for redress" (ECF No. 22), and filed a motion to amend the complaint, a notice of correction of deficiencies, and a first amended complaint ("FAC") (ECF Nos. 24, 26, 27). Defendant Newsom objected to plaintiff's FAC. (ECF No. 28.) For the reasons set forth below, the Court GRANTS defendants' motions to dismiss (ECF Nos. 11, 12) with leave to amend. The Court DENIES plaintiff's motion to file a FAC (ECF No. 24) as moot, and denies the motion for summons for redress (ECF No. 22) as moot.

I. **Allegations in the Complaint**

Plaintiff brings four claims against twenty-four defendants. (ECF No. 1 at 3-6.) Two of the defendants, Carlson and Newsom, have filed motions to dismiss. Plaintiff's first claim is that defendants violated the Fourth Amendment by using the Sheriff's Department and the court system to falsely imprison plaintiff for many years, and by seizing his property, using false evidence and intimidating witnesses. (*Id.* at 7.) Second, plaintiff alleges that defendants violated the First Amendment by imprisoning him and preventing him from speaking to witnesses. (*Id.* at 8.) Third, plaintiff alleges that defendants violated the Fourteenth Amendment by using improper procedures and presenting false evidence in a prior trial. (*Id.* at 9.) Lastly, plaintiff alleges that defendants violated the Second Amendment by using "gun cases" to falsely charge plaintiff. (*Id.* at 10.)

II. **Legal Standards**
   A. **Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5)**

A federal court has jurisdiction over a defendant only if the defendant has been properly served under Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc v. Eclat*

*Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "Mere notice that a lawsuit is pending is not sufficient." *Razavi v. Regis Corp.*, 2016 WL 97438, at *2 (N.D. Cal. Jan. 8, 2016). However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists*, 840 F.2d at 688 (citation omitted).

Under Rule 12(b)(5), a defendant may challenge the method of service attempted by a plaintiff. *U.S.A. Nutrasource, Inc. v. CNA Ins. Co.*, 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001). A district court has discretion to either dismiss the action against the improperly served defendant or quash service of the complaint on that defendant. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1227 (C.D. Cal. 2015) (citation omitted).

### B. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court normally must construe a pro se pleading liberally to determine whether it states a claim and, before dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *accord Balistreri*, 901 F.2d at 699 (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard in *Iqbal*). However, the Federal defendants state that plaintiff is not entitled to a liberal pleading standard because he is a former attorney. (ECF No. 21-1 at 7.) Even as a disbarred attorney, plaintiff is not entitled to a liberal pleading standard. *Huffman v. Lindgren*, 81 F.4th 1016, 1020-21 (9th Cir. 2023) (declining to extend a liberal pleading standard to pro se attorneys); *see Valvanis v. Milgroom*, 2008 WL 542420, at *8 (D. Hawai'i Dec. 30, 2008). Courts need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### III. Discussion

#### A. Defendant Katherine Carlson's Motion to Dismiss (ECF No. 11)

Defendant Carlson argues that plaintiff's complaint should be dismissed for failure to state claim because the complaint makes no allegations that any specific conduct or harm is attributed to Carlson.[2] (ECF No. 11-1 at 5.) Plaintiff brings his four claims against "defendants" generally but does not describe any specific conduct by any defendant. Plaintiff has not described how defendant Carlson specifically violated his rights in any way or made any specific allegations against her. Plaintiff makes conclusory statements, and plaintiff has not alleged facts to state a claim that is plausible on its face. *See Twombly*, 550 U.S. at 570. Defendant Carlson's motion to dismiss plaintiff's claims against her is granted.

////

---

[2] Defendant Carlson also argues that the claims against her should be dismissed because she was improperly served. (ECF No. 11-1 at 4-5.) This argument will be addressed below.

4

### B. Defendant Gavin Newsom's Motion to Dismiss (ECF No. 12)

Defendant Newsom moves to dismiss plaintiff's claims against him for failure to state a claim and because the claims are barred by the Eleventh Amendment. (ECF No. 12 at 5-6.) Like defendant Carlson, plaintiff has not described any specific conduct by defendant Newsom or alleged specific facts to show that defendant Newsom violated plaintiff's rights. Plaintiff's claims are against "defendants" generally, and he has not described in sufficient detail any actions taken by defendant Newsom. Plaintiff has not alleged facts to state a claim that is plausible on its face. *See Twombly*, 550 U.S. at 570. Defendant Newsom's motion to dismiss plaintiff's claims against him is granted.

### C. Plaintiff's Fourth Amendment Claim

Plaintiff's first claim is that defendants violated the Fourth Amendment by using the Sheriff's Department and the court system to falsely imprison plaintiff for many years, and by seizing his property, using false evidence and intimidating witnesses. (ECF No. 1 at 7.) The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend IV. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027 (9th Cir. 2012). The relevant question is whether the seizure was reasonable, which depends on the particular facts and circumstances. *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1282 (E.D. Cal. 2016) (citing *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005).

To state an unlawful detention claim under § 1983 for violation of the Fourth Amendment, a plaintiff must allege that he was detained without reasonable suspicion. *Florida v. Royer*, 460 U.S. 491, 500 (1983). Reasonable suspicion exists when, "in light of the totality of the circumstances, the officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (quoting *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007)).

Plaintiff has failed to state a Fourth Amendment claim against any defendant. Plaintiff has not alleged facts to show that he was detained without reasonable suspicion, or that his property

was seized unreasonably. Plaintiff alleges that he was falsely imprisoned, and his property was seized, but does not allege specific facts to support these allegations. His statements are conclusory and do not state a claim under the Fourth Amendment. Accordingly, plaintiff's Fourth Amendment claim is dismissed.

### D. First Amendment Claim

Plaintiff also alleges that defendants violated the First Amendment by imprisoning him and preventing him from speaking to witnesses. (ECF No. 1 at 8.) To state a claim for First Amendment violation, a plaintiff must show that "(1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Ammari v. City of Norwalk*, 2023 WL 5008194, at *2 (C.D. Cal. Aug. 3, 2023) (citing *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)).

Here, plaintiff has failed to state a claim under the First Amendment against any defendant. Plaintiff alleges that his First Amendment rights were violated when he was imprisoned, which prevented him from speaking to witnesses about a prior case. (ECF No. 1 at 8.) However, plaintiff does not provide any specific facts to support his allegations. He has not alleged that a specific defendant violated his First Amendment rights. He has also not alleged that he was engaged in a constitutionally protected activity, or alleged any conduct that could have violated his rights. Therefore, plaintiff's First Amendment claim is dismissed.

### E. Fourteenth Amendment Claim

Plaintiff alleges that defendants violated the Fourteenth Amendment by using improper procedures and presenting false evidence in a prior trial. (ECF No. 1 at 9.) The Court interprets this as a procedural due process claim. A procedural due process claim under the Fourteenth Amendment has two elements: "deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010). "Notice and a meaningful

opportunity to be heard are the hallmarks of procedural due process." *Ludwig v. Astrue*, 681 F.3d 1047, 1053 (9th Cir. 2012) (internal brackets omitted).

Here, plaintiff fails to state a claim under the Fourteenth Amendment against any defendant. Again, plaintiff has not provided sufficient facts to support his claim that any defendant deprived him of a constitutionally protected liberty or property interest or deprived him of an opportunity to be heard. Plaintiff vaguely discusses how certain evidence presented at a prior trial was not supported by evidence but does not allege this with sufficient supporting facts to state a claim. Therefore, plaintiff's Fourteenth Amendment claim is dismissed.

### F.  Second Amendment Claim

Lastly, plaintiff alleges that defendants violated the Second Amendment by using "gun cases" to falsely charge plaintiff. (*Id.* at 10.) The Second Amendment states: "A well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II. The Second Amendment guarantees the individual right to keep and bear arms for self-defense within the home and in public. *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008) (in the home); *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 8 (2022) (public carry). "[T]he Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right" and applies it against the states. *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010).

Here, plaintiff's allegations appear to be that he was falsely charged and that he was charged as an "ex-felon in possession of a firearm" to increase the charges against him. (ECF No. 1 at 10.) Here, plaintiff has not sufficiently alleged that his Second Amendment rights were violated. He does not provide sufficient details describing any incident where his rights were infringed. He only alleges conclusory statements that he was falsely charged and that the charges were increased because he was a felon in possession of a firearm. Therefore, plaintiff has failed to state a claim under the Second Amendment and this claim is dismissed.

### G.  Plaintiff's Failure to Serve Defendants

Defendant Carlson also argues that the claims against her should be dismissed because she

7

was not properly served. (ECF No. 11-1 at 4-5.) Further, it does not appear that the remaining defendants in this case have been served. On June 24, 2024, the Clerk's Office issued summons to serve the defendants. (ECF No. 2, 3.) In the civil new case documents issued on the same day, the Court advised plaintiff, in relevant part, that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed. (ECF No. 4.) In the March 18, 2025, order, the Court informed plaintiff that it appeared that none of the defendants, with the exception of defendant Newsom, had been properly served.[3] (ECF No. 21.)

Under Rule 4(m) of the Federal Rules of Civil Procedure, a district court must extend time for service upon a showing of good cause and may extend time for service upon a showing of excusable neglect. Fed. R. Civ. P. 4(m); *see Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013). Pursuant to Rule 4 of the Rule of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

After the Court issued the March 18, 2025, order, plaintiff filed a "motion of summons for redress" (ECF No. 22) and a motion for leave to file an amended complaint (ECF No. 24). Based on the "motion of summons for redress" it appears that plaintiff attempted to serve documents on "Secretary The United Nations," "Rob Bonta California Attorney for Defendant[s]," "Secretary U.S. Department of State," and "Gavin C. Newsom California Governor's Office." (ECF No. 22.) While this document is titled as a "motion," it is unclear what plaintiff is requesting. In the motion to file an amended complaint, plaintiff states that he has a disability and suffered head injuries, and he believed he served the defendants but "now understands that counsel for the defendants needed to be served, and the rest of the defendants through the U.S. marshal service."

---

[3] This included defendant Carlson, although she also moved to dismiss the complaint under Rule 12(b)(6). (ECF No. 11.)

8

(ECF No. 24 at 2.) Plaintiff asks for accommodations and an extension of time to serve the complaint and states that the complaint and summons were hand delivered to the "U.S. Marshal Service located on the 4th floor at: 501 I Street." (*Id.*)

However, even if the Court were to grant an extension of time to serve defendants, plaintiff's complaint fails to state a claim. The deficiencies in the complaint found as to the moving defendants are similarly present as to the non-moving defendants. Plaintiff cannot obtain a judgment against any defendant, including a non-appearing defendant, without sufficient factual allegations that state a plausible claim. *See generally Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (noting a court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint in determining whether to grant a default judgment, which is disfavored). As set forth above, the complaint fails to state a claim against any defendant because it rests on mere conclusions that the defendants acted illegally. This court may dismiss claims sua sponte under Fed. R. Civ. P. 12(b)(6). *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Accordingly, the non-appearing defendants are also dismissed.

### H. Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *See Davis v. Miranda*, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020). Leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se, *Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06; *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. As discussed above, the complaint should be dismissed. However, the Court will grant plaintiff leave to amend his complaint to the extent he can allege additional facts sufficient to state a claim. Plaintiff is also reminded that he must properly serve defendants as outlined above.

The Court also notes that on April 9, 2025, plaintiff filed a motion to amend the complaint. (ECF No. 24.) On April 22, 2025, plaintiff filed a notice of correction of deficiencies (ECF No. 26) and a FAC (ECF No. 27). On April 24, 2025, defendant Newsom objected to the FAC, arguing it did not comply with Federal Rule of Civil Procedure 15 because it was untimely and plaintiff did not seek leave of court before filing the FAC. (ECF No. 28.)

It appears that plaintiff filed his motion to amend the complaint, notice of deficiencies, and amended complaint in response to the Court's March 18, 2025, order. Because the Court is granting defendants' motions to dismiss and giving plaintiff leave to amend his complaint, the Court denies plaintiff's motion for leave to amend (ECF No. 24) as moot. Accordingly, the Court disregards the FAC filed on April 22, 2025. (ECF No. 27.) The Court interprets the notice of correction of deficiencies (ECF No. 26) as a response to the order to show cause and discharges that order.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendant Katherine Carlson's motion to dismiss (ECF No. 11) is GRANTED;
2. Defendant Gavin Newsom's motion to dismiss (ECF No. 12) is GRANTED;
3. Plaintiff's motion to file an amended complaint (ECF No. 24) is DENIED as moot;
4. Plaintiff's motion for summons for redress (ECF No. 22) is DENIED as moot; and
5. Plaintiff shall have thirty (30) days to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file

an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: May 21, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, root.1767.24